```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                              Criminal No. 06-cr-068-JD

Christopher Kafejelis


O R D E R

By orders dated May 16, 2006 (document no. 10), September 13, 2006 (document no. 15), April 26, 2007 (document no. 24), and October 25, 2007 (document no. 33) the defendant has been committed to the custody of the Attorney General for evaluation and treatment in an effort to render him competent to stand trial.

By letter dated March 14, 2008, A.F. Beeler, Complex Warden for the Federal Medical Center in Butner, North Carolina, submitted a forensic report prepared by Jill R. Grant, Psy.D., Staff Psychologist, and Bruce R. Berger, M.D., Staff Psychiatrist, addressing the defendant's treatment and his competency to stand trial.  On April 24, 2008, a hearing was held on this report.  Dr. Grant testified via video conference with the defendant present via video conference also.

In the report, Dr. Grant and Dr. Berger expressed the following opinion:

> It is currently our opinion that although he has made significant treatment gains, Mr. Kafejelis is not competent to stand trial. He still exhibits symptoms of active psychosis, including intermittent paranoid ideation, intermittent auditory hallucinations, and distractibility. He is now better able to focus but still becomes distracted at times during conversations with evaluators, which indicates he would likely have difficulty assisting his attorney in his defense and paying adequate attention to court proceedings. He has a fairly good basic factual knowledge of the court system; however, his rational understanding of the charge against him is unclear. At times, he talks about his charge in a rational manner but at other times, he appears to be confused.
>
> At this time, it appears that Mr. Kafejelis has reached maximum benefits from psychotropic medication, and we do not believe that there is a substantial probability he will regain competency to stand trial in the foreseeable future.

At the hearing, Dr. Grant testified that the defendant has reached the maximum benefit he can achieve from treatment but cannot be restored to competency, and that any additional period of treatment would not result in restoring him to competency.

Taking into account all of the reports filed to date in this matter along with all of the testimony that the court has heard during several hearings conducted in this matter, the court finds that the defendant's mental condition has not so improved as to permit proceedings to go forward. The court further finds that

there is no substantial probability that with continued treatment he will attain the capacity to permit the proceedings to go forward in the foreseeable future.  Therefore, the defendant shall remain in the custody of the Attorney General for designation to a medical referral center for the purposes of undergoing a risk assessment pursuant to the provisions of 18 U.S.C. § 4246, and if appropriate, under § 4248.


    SO ORDERED.

                                                                    /s/ Joseph A. DiClerico, Jr.
                                                                     Joseph A. DiClerico, Jr.
                                                                     United States District Judge

May 1, 2008

cc:  Terry L. Ollila, Esquire
     Patrick J. Richard, Esquire